UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MALGO, INC. and MICHAEL GOLDSTEIN, Plaintiffs, v. PUREHD LLC, Defendant. | ) ) ) ) ) ) ) ) ) ) |

and                                                    Civil Action No. 1:20-cv-40055-PBS

|  |  |
|---|---|
| PUREHD LLC, Third-Party Plaintiff, v. THOMAS PULLEN, Third-Party Defendant. | ) ) ) ) ) ) ) ) ) |

**THIRD-PARTY COMPLAINT OF PUREHD LLC AGAINST THOMAS PULLEN**

**LEAVE TO FILE GRANTED ON FEBRUARY 11, 2021**

In accordance with Fed. R. Civ. P. 14(a), defendant and third-party plaintiff PureHD LLC

("PureHD") asserts this third-party complaint against Thomas Pullen ("Mr. Pullen"). In this

action, PureHD denies that it has any liability to plaintiffs Malgo, Inc. and Michael Goldstein

(together, "Malgo"), in part because Mr. Pullen, and not PureHD, is the counterparty to the

alleged agreements on which Malgo bases its claims (to the extent that those agreements actually

were entered into and are not rendered unenforceable by the statute of frauds). Malgo claims,

however, that PureHD is bound by the agreements because Mr. Pullen made them on behalf of

PureHD, rather than in his individual capacity. If Malgo is right, then Mr. Pullen has breached

his fiduciary duties and two contracts pertaining to the operation of PureHD, which prohibited him from binding PureHD to the alleged Malgo contracts.  Accordingly, Mr. Pullen is or may be liable to PureHD for all or part of Malgo's claim against PureHD, which establishes PureHD's right to assert this third-party claim against him.

## Jurisdiction and Venue

1.      The Court has subject matter jurisdiction over the claims asserted in this third-party complaint, which form part of the same case or controversy as the claims asserted against PureHD in the complaint filed against it in this action, under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

2.      The Court has personal jurisdiction over Mr. Pullen, who resides and transacts business in Massachusetts, under Fed. R. Civ. P. 4(k) and M.G.L. 223A, §§ 2 and 3.

3.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (2).

## Parties

4.      PureHD is a limited liability company organized under the laws of the State of Delaware with a principal place of business in Sudbury, Massachusetts.

5.      Mr. Pullen is an individual who resides in Sudbury, Massachusetts.

## The Parties' Relationships and Agreements

6.      PureHD delivers high-quality television services to hotels, senior living communities, and other commercial enterprises.

7.      PureHD is a wholly owned subsidiary of PureHD Inc. (the "Parent Company").

8.      The shareholders of the Parent Company are SolutionInc Limited ("SolutionInc"), Mr. Pullen, and Brad Adams.  Mr. Pullen owns approximately 28% of the Parent Company's issued and outstanding shares.

2

9.      On or about February 17, 2017, SolutionInc, Mr. Pullen, Mr. Adams, and the

Parent Company executed a Shareholders' Agreement (the "Shareholders' Agreement")

confirming their agreements to certain matters pertaining to the operation, management, and

control of the Parent Company and PureHD.

10.     The Shareholders' Agreement provides (in Section 3.6) that all agreements, other

than sales contracts and non-disclosure agreements, signed on behalf of the Parent Company or

PureHD shall be signed by two signatories, who must be either a representative of SolutionInc

together with a representative of either Mr. Pullen or Mr. Adams, or two other persons with due

authority granted by a resolution passed by the company's Board of Directors and the approval

of shareholders holding more than 66 2/3% of the company's total shares.

11.     The Shareholders' Agreement also provides (in Section 2.14) that prior written

consent of shareholders holding, in the aggregate, not less than 66 2/3% of the company's total

shares is required in order for the company to make any expenditure or to take on any obligation

in excess of $100,000 USD.

12.     In addition, on or about January 1, 2019, the Parent Company and Mr. Pullen

signed an Amended Employment Agreement (the "Employment Agreement") pursuant to which

they agreed that Mr. Pullen would serve as President of the Parent Company and would oversee

the operations of the Parent Company and PureHD in accordance with the terms and conditions

of the agreement.

13.     Mr. Pullen acknowledged in Paragraph 7 of the Employment Agreement that he

was a fiduciary and subject to fiduciary duties by virtue of his position and the scope of his

duties.

4837-1085-1801, v. 5

14.     Mr. Pullen further acknowledged in Paragraph 8 that he was bound by all of the company's corporate policies, rules, and other directives approved by the Board of Directors.

### Mr. Pullen's Effort to Obtain Control Over and Ownership of the Parent Company

15.     In or about the Fall of 2019, SolutionInc and Mr. Pullen discussed the possibility of Mr. Pullen purchasing the shares in the Parent Company owned by SolutionInc, which would allow Mr. Pullen to obtain majority ownership of and control over the Parent Company, and thereby control the Parent Company's subsidiary, PureHD.

16.     Mr. Pullen did not have sufficient assets to enable him to purchase all of SolutionInc's shares in the Parent Company.  As a result, he needed to obtain financing in order for him to consummate the proposed purchase.

17.     On information and belief, it appears that Mr. Pullen may have retained Malgo to assist him with his efforts to raise the financing he needed, in his individual capacity, to purchase the shares of the Parent Company owned by SolutionInc.

18.     Any agreement made in that regard was between Malgo and Mr. Pullen in his individual capacity.  Mr. Pullen was not authorized to and, to the best of PureHD's knowledge, did not make any agreement with Malgo on behalf of PureHD.  No agreement with Malgo was approved in accordance with the Shareholders' Agreement.

19.     Despite the absence of any agreement between Malgo and PureHD, Malgo has brought this action against PureHD asserting that Malgo entered into two contracts with PureHD, which are described in Malgo's complaint (the "Malgo Contracts").  Malgo alleges that Mr. Pullen entered into the Malgo Contracts on PureHD's behalf, and it claims that PureHD owes Malgo fees and warrant coverage valued in excess of $220,000 under those contracts.

4

20.    Based upon Malgo's allegations, PureHD can be held liable to Malgo only if the Court determines that Mr. Pullen entered into the Malgo Contracts on behalf of PureHD and bound PureHD to those contracts.

21.    To the extent that Mr. Pullen purported to bind PureHD to the Malgo Contracts or created a situation in which PureHD might be held liable under the Malgo Contracts, Mr. Pullen breached his fiduciary duties to PureHD and breached the Shareholders' Agreement and the Employment Agreement, including but not limited to the provisions in those agreements that are identified above.

22.    The Shareholders' Agreement is clear that Mr. Pullen lacked authority to sign the Malgo Contracts on behalf of PureHD on his own.  The Employment Agreement is clear that Mr. Pullen is a fiduciary and is obligated to comply with the company's corporate policies, rules, and other directives.  To the extent that Mr. Pullen did anything inconsistent with his obligations under the Shareholders' Agreement, the Employment Agreement, or his fiduciary duties to PureHD that resulted in this action being brought against PureHD, he breached his fiduciary duties to PureHD and is liable to it for any resulting harm.

23.    PureHD therefore is entitled to recover from Mr. Pullen (a) the amounts it has incurred and will incur to defend this case, (b) any judgment or settlement it has to pay to Malgo in this action, and (c) any other damages it suffers as a result of Mr. Pullen's breaches of duty.

## Count I: Breach of Fiduciary Duty

24.    PureHD incorporates and realleges the allegations set forth above.

25.    As President of the company and a manager of PureHD, and as a result of the Shareholders' Agreement and the Employment Agreement, Mr. Pullen owed fiduciary duties to PureHD.

4837-1085-1801, v. 5

26.     Mr. Pullen breached his fiduciary duties to PureHD by purporting to bind PureHD to the Malgo Contracts or otherwise creating a situation in which PureHD might be held liable under the Malgo Contracts.  Mr. Pullen knew full well that he lacked authority to bind PureHD to the Malgo Contracts, but if Malgo prevails on its claims in this case it will be because Mr. Pullen bound PureHD to those contracts.

27.     Mr. Pullen's breaches of duty have caused PureHD to be a defendant in this action and to have exposure to Malgo with respect to the claims Malgo has asserted in the case. If Malgo prevails in this action and is awarded damages against PureHD, those damages will have resulted from Mr. Pullen's breaches of duty.

28.     PureHD has suffered damages as a result of Mr. Pullen's breaches of duty, including the attorneys' fees, costs, and expenses it has incurred in connection with this action, any amount of damages it is required to pay in this action, and any settlement amount it pays to resolve the case.

## Prayer for Relief

WHEREFORE, PureHD respectfully request that the Court enter judgment in its favor against Mr. Pullen and award it the following relief:

(a)     damages in the amount PureHD has suffered as a result of Mr. Pullen's breaches of duty;

(b)     prejudgment and post-judgment interest on the amount of damages awarded, as provided by law;

(c)     an award of PureHD's attorneys' fees, costs, and expenses incurred in connection with this action; and

(d)     such other and further relief as the Court deems just and proper.

6

## Jury Demand

PureHD demands a trial by jury on each of the claims and defenses in this case that are so triable.

Respectfully submitted,

PUREHD LLC,

By its attorneys,

/s/ Gary M. Ronan
Gary M. Ronan (BBO# 653899)
Kaileigh A. Callender (BBO# 696696)
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
gronan@goulstonstorrs.com
kcallendar@goulstonstorrs.com
Phone: (617) 482-1776

Dated: February 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the NEF on February 11, 2021.

/s /Kaileigh A. Callender

4837-1085-1801, v. 5